FILED

04/10/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0477

DA 17-0477

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 87N

IN RE THE MARRIAGE OF:

KRISTIN K. STRATFORD,

Petitioner and Appellant,

and

STEPHEN J. ELDREDGE,

Respondent and Appellee.

APPEAL FROM:     District Court of the Fourth Judicial District,
                 In and For the County of Missoula, Cause No. DR 98-87207
                 Honorable Leslie Halligan, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                Richard A. Reep, Reep, Bell, Laird & Jasper, P.C., Missoula, Montana

        For Appellee:

                Stephen J. Eldredge, self-represented, South Jordan, Utah

                                        Submitted on Briefs:   February 6, 2018

                                                   Decided:    April 10, 2018

Filed:

_____
                        Clerk

Justice Dirk Sandefur delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited, and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Kristin Stratford (Stratford) appeals the judgment of the Montana Fourth Judicial District Court, Missoula County, setting aside two prior judgments related to delinquent child support pursuant to M. R. Civ. P. 60(b). We reverse and remand for entry of a corrected judgment in accordance with this Opinion.

¶3 In 1999, the District Court ordered Stephen Eldredge (Eldredge) to make monthly child support payments in the amount of $600 to Stratford following the dissolution of their marriage. Stratford asserts that Eldredge has since made only sporadic payments, both directly and through Montana and Utah child support enforcement agencies. She asserts that nearly $100,000 in unpaid child support and interest accrued by the time their child reached 18 years old. In February 2017, Stratford moved for judgment on the unpaid child support and accrued interest. She served Eldredge by duplicate mailings to two Utah addresses: one listed in his 2015 U.S. Bankruptcy Court filing, and one on record with the District Court and currently utilized by the Montana and Utah Child Support Enforcement Divisions. Eldredge did not appear or otherwise respond. On March 10, 2017, the District Court entered an uncontested final judgment on the entirety of the unpaid child support and interest claimed by Stratford. On March 21, 2017, the District Court entered a

2

supplemental judgment for attorney fees and costs incurred by Stratford in recovery of the support judgment. On March 16 and 30, 2017, Stratford respectively served notices of entry of judgment on Eldredge by mail at both Utah addresses.

¶4 On April 18, 2017, Eldredge filed a motion to set aside both judgments pursuant to M. R. Civ. P. 60(b) on the asserted grounds of lack of service and notice. Eldredge asserted that: (1) he did not properly receive notice of the judgments; (2) the address associated with his bankruptcy filing was the address of his estranged wife; and (3) Stratford's unpaid child support and interest calculations were erroneous based on the nearly twenty-year history of the obligation.

¶5 On April 26, 2017, Stratford filed a response opposing Eldredge's motion. On May 15, 2017, Eldredge filed a motion for additional time to reply to Stratford's response. By order filed June 9, 2017, the District Court extended Eldredge's reply deadline until July 14, 2017, a date 87 days after the filing date of his Rule 60(b) motion. The order did not reference, much less purport to extend, the court's deadline for ruling on the motion.

¶6 On July 17, 2017, Eldredge filed his reply brief, 3 days after his extended briefing deadline. By order filed July 25, 2017, the District Court granted Eldredge's Rule 60(b) motion and set aside the subject judgments. Stratford timely appeals.

¶7 Whether a district court untimely granted a Rule 60(b) motion in violation of M. R. Civ. P. 60(c)(1) is a question of law that we review de novo. *See Green v. Gerber*, 2013 MT 35, ¶¶ 24-29, 369 Mont. 20, 303 P.3d 729 (non-compliance with Rule 60(c)(1) deadline objectionable error but not jurisdictional). Stratford asserts that the District Court

3

erroneously granted Eldredge's Rule 60(b) motion after expiration of the 60-day deadline specified by M. R. Civ. P. 60(c)(1) and 59(f). We agree.

¶8      M. R. Civ. P. 60(c)(1) (2015) states:

> Motions provided by Rule 60(b) must be determined within the times provided by Rule 59 in the case of motions for . . . amendment of judgment and if the court shall fail to rule on the motion within the 60-day period, the motion must be deemed denied.

M. R. Civ. P. 59(f) further provides that "[i]f the court does not rule on a motion . . . to alter or amend a judgment . . . within 60 days from its filing date," the motion is "deemed denied." "[T]he time limits set forth in Rules 59 and 60 are mandatory and should be strictly enforced." *Green*, ¶ 25. Direct appeal is the remedy for redress of a motion erroneously deemed denied. *Green*, ¶ 27.

¶9      Here, the 60-day deadline specified by M. R. Civ. P. 60(c)(1) expired on June 17, 2017. Eldredge did not file his reply until July 17, 2017, 30 days after expiration of the 60-day deadline and 3 days after expiration of the extended reply deadline granted by the court. The District Court did not rule on Eldredge's Rule 60(b) motion until July 25, 2017, 38 days after expiration of the 60-day deadline.

¶10     We recognize that the District Court's briefing extension could reasonably have induced Eldredge to ignore the Rule 60(c)(1) deadline (June 17, 2017) in favor of his extended briefing deadline of July 14, 2017. We further recognize that, effective July 1, 2017, M. R. Civ. P. 59(f) and 60(c)(1) now allow district courts to timely extend the initial 60-day deadline for up to 120 days after the filing date of a Rule 60(b) motion. M. R. Civ. P. 59(f) (2017). However, even if M. R. Civ. P. 59(f) (2017) retroactively applied and we

4

could liberally construe the District Court's briefing extension to similarly extend the Rule 60(c)(1) deadline to July 14, 2017, Eldredge would still not be entitled to relief because he did not file his reply until three days after expiration of his extended briefing deadline, thereby precluding the court from timely ruling in any event.

¶11    Eldredge's motion was "deemed denied" by operation of M. R. Civ. P. 60(c)(1) as of June 18, 2017.  He did not timely appeal in accordance with M. R. App. P. 4(5)(a)(i). The District Court had no authority to extend the Rule 60(c)(1) deadline under the then-governing rule.  Eldredge would not be entitled to relief if it had.  The court did not timely rule on Eldredge's motion within the 60-day deadline specified by M. R. Civ. P. 60(c)(1).  We hold that the District Court erroneously granted Eldredge's Rule 60(b) motion.

¶12    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶13    Reversed and remanded for entry of a corrected judgment reflecting that Eldredge's motion was "deemed denied" pursuant to M. R. Civ. P. 60(c)(1) as of June 18, 2017.

/S/ DIRK M. SANDEFUR

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE

5